Dear Commissioner Savoie:
This office is in receipt of your recent opinion request regarding the Louisiana Trade Marks and Trade Names Law. Specifically, you raise the following issue for our review:
 Whether the use of the verbiage "State University" by a non-public institution in its official name is a violation of LSA-R.S. 51:224?
In response to this issue, we turn first to the provisions of LSA-R.S. 51:224, which in part provides:
 (A) No person shall use for any commercial purpose any name, work, symbol, or device or any combination thereof which resembles the official name, symbol, seal, or logo of a public or accredited private educational institution except with the written consent of the public or private educational institution. (B) In addition to the remedies otherwise provided in this Subpart, any educational institution may enforce the provisions of this Section by a civil suit, including a suit to enjoin any violations thereof.
This statute falls under the general laws governing trade marks and trade names in Louisiana, LSA-R.S. 51:211 et seq. This statutory scheme provides a system for the registration and protection of trade names and trade marks in this state. LSA-R.S.51:211(A) defines trade mark to be "any work, name, symbol, or device or any combination thereof adopted and used by a person to identify goods made or sold by him and to distinguish them from goods made and sold by others." A trade name is defined in LSA-R.S. 51:211(D) as "a word, name, symbol, device or any combination thereof used by a person to identify his business, vocation, or occupation and distinguish it from the business, vocation, or occupation of others." These definitions are virtually identical to the protection of "any name, work, symbol, or device or any combination thereof," provided for educational institutions in LSA-R.S. 51:224. While there is no jurisprudence interpreting LSA-R.S. 51:224, there is extensive jurisprudence interpreting the statutes governing trade names and trade marks. Accordingly, we turn next to this jurisprudence.
The jurisprudence requires a "protectable proprietary interest" in a trade mark or trade name before others may be excluded from using it. Gulf Coast Bank v. Gulf Coast Bank Trust Co.,652 So.2d 1306 (La. 1995). This "protectable proprietary interest" requires actual use of a mark or name and the mark or name must be distinctive, either by being inherently distinctive or by having acquired distinctiveness through secondary meaning. GulfCoast Bank vs. Gulf Coast Bank Trust, Id. at 1313. Louisiana courts have generally divided trade marks and trade names into four categories to determine distinctiveness, they are: (1) generic; (2) descriptive; (3) suggestive; and (4) arbitrary or fanciful. Vision Center v. Opticks, Inc., 596 F.2d 111, 115 (5th
Cir. 1979). A generic term is the name of a particular genus or class of which an individual article, service or business is but a member; a descriptive term identifies a characteristic or quality of an article, service or business; a suggestive term suggests, rather than describes, a characteristic of the goods, services or business and requires an effort of the imagination by the consumer in order to draw a conclusion as to the nature of the goods, services or business; and an arbitrary or fanciful term is considered inherently distinctive and is accorded protection without having to prove secondary meaning. VisionCenter v. Opticks, Inc., at 115-116. Generic and descriptive trade marks and trade names must have a secondary meaning in order to be distinctive. Gulf Coast, 652 So.2d at 1313. Secondary meaning is established when words with an ordinary or primary meaning of their own come to be known by the public as specifically designating a particular product, service or business due to their long use with that product, service or business. Chinchuba Institute v. St. Tammany Parish School Board,664 So.2d 1230, 1233 (La.App. 1st Cir. 1995).
Turning to the verbiage in question, "state university" falls squarely within the definition of a descriptive term. It identifies a characteristic or quality of the business, or in this case, the educational institution. Webster's II New Riverside University Dictionary (1984) defines the word "university" as "an institution of higher learning, having facilities for teaching and research." A "state university" is a "university funded and operated as part of the public education system of a state." The secondary meaning of a descriptive term may be proven by the conspicuousness of the designation. GulfCoast, 652 So.2d at 1314. Clearly, use of the verbiage "state university" is a conspicuous designation of an educational institution as an institution of higher learning funded and operated as part of the public education system of the state. Therefore, the verbiage "state university" is a name or mark that has acquired distinctiveness through its secondary meaning so as to create a "protectable proprietary interest" in it.
Since there is a "protectable proprietary interest" in the use of the verbiage "state university," that would exclude its use under the general law governing trade marks and trade names, it is the opinion of this office that the use of "state university" by a non-public educational institution in its official name is a violation of the specific law governing educational institutions in LSA-R.S. 51:224.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ JAMES C. HRDLICKA ASSISTANT ATTORNEY GENERAL
RPI/JC/KJL